# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**,  )  )  ) Case No. 1:13CR00034-001  )  v.                                                     ) **OPINION AND ORDER**  ) **LEON WILLIAM CARR**,                    ) By: James P. Jones  ) United States District Judge  Defendant.                                    ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy C. Dickenson-Vicars, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, Leon William Carr, a federal inmate previously sentenced by this court, filed a motion seeking compassionate release from his sentence, which I previously denied for failure to exhaust his administrative remedies. Op. & Order, June 2, 2020, ECF No. 256. The government has now waived the exhaustion issue, and the defendant has moved for reconsideration, asking me to consider the merits of Carr's motion. I will consider the merits of his request for release, but I will not change my resulting decision.

The motion seeking compassionate release is filed pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (2018), which permits a reduction in sentence after considering the factors set forth in 18 U.S.C. § 3553(a) and if the court finds

"extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission."

I.

Carr was a leader of a large-scale conspiracy to distribute cocaine, cocaine base, and heroin. On July 28, 2014, he pled guilty, pursuant to a written plea agreement, to one count of conspiring to possess with the intent to distribute cocaine base and cocaine, both Schedule II controlled substances, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(c). The parties stipulated that the offense involved at least 28 grams of cocaine base, although the Presentence Investigation Report indicated that Carr could have been held responsible for distributing at least 1.7 kilograms. On October 27, 2014, the court sentenced Carr to 100 months imprisonment, to be followed by a five-year term of supervised release.

Carr is currently housed in the low security camp at the Federal Correctional Institution at Ashland, Kentucky (FCI Ashland). He has served more than 75% of his sentence. He will be eligible for placement at a halfway house on July 7, 2020. While he had a substantial criminal history prior to his present incarceration, he has not committed any significant infractions while incarcerated. He completed the Residential Drug Abuse Program (RDAP), which allowed for a reduction in his sentence. His current projected release date is December 3, 2020.

Upon his release, Carr intends to live with his father in Wytheville, Virginia, and his home plan has been approved by the Probation Office for this district. He has made arrangements for his father or wife to transport him from FCI Ashland to his father's home, and to immediately take a Covid-19 test upon his arrival in Wytheville. He asserts that he will self-quarantine at his father's home for 14 days following his release.

Carr is 47 years old and suffers from high blood pressure, high cholesterol, and diabetes. He has submitted reports of expert witnesses stating that these three medical conditions increase the risk of serious illness or death in persons who contract Covid-19. The government concedes that Carr's underlying health conditions would likely worsen his prognosis if he contracted Covid-19, but it notes that FCI Ashland has reported no inmate cases of Covid-19.[1] The Bureau of Prisons has been taking measures to prevent and control the spread of Covid-19 at its facilities since January 2020, and it recently adopted more rigorous, widespread testing and quarantine protocols.

## II.

Section 3582(c)(1)(A) permits a sentencing court to reduce a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a

---

[1] As of the date of this Opinion and Order, FCI Ashland is reporting that one staff member tested positive for Covid-19.

reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission."[2] The USSG defines extraordinary and compelling reasons in relation to the medical condition of the defendant, as follows:

> **(A) Medical Condition of the Defendant**.--
>
> **(i)** The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> **(ii)** The defendant is--
>
> **(I)** suffering from a serious physical or medical condition,
>
> **(II)** suffering from a serious functional or cognitive impairment, or
>
> **(III)** experiencing deteriorating physical or mental health because of the aging process,

---

[2] The Sentencing Commission has adopted such policy provisions. These policies provide in pertinent part that release may be granted if the court determines that "[e]xtraordinary and compelling reasons warrant the reduction" and "[t]he defendant is not a danger to the safety of any other person or to the community." U.S. Sentencing Guidelines Manual ("USSG") § 1B1.13(1)(A), (2) (U.S. Sentencing Comm'n 2018). These policies have not changed since the First Step Act of 2018 amended § 3582(c)(1)(A) to allow a direct motion by the inmate. But in any event, even the present commentary to § 1B1.13, while listing circumstances that the Director of the Bureau of Prisons is encouraged to consider in determining whether to file a motion for reduction, also emphasizes that "[t]he court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction) after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community." *Id.* at cmt. n.4.

>that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
>**(B) Age of the Defendant**.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

USSG § 1B1.13 cmt. n.1(A), (B).

Carr undoubtedly suffers from serious medical conditions which place him at greater risk of serious illness or death from Covid-19. He has served most of his sentence and is scheduled to be released in approximately five months. But there is no reason to believe that he has a higher risk of contracting Covid-19 at FCI Ashland, which has no cases of the disease among its inmate population, than he would if he were released.

While I sympathize with Carr's health problems, I find that he has not shown that extraordinary and compelling reasons warrant his release. The criminal conduct underlying Carr's conviction was serious, and he has already received a sentence reduction on account of successfully completing the RDAP program. I have considered the factors set forth in 18 U.S.C. § 3553(a), and I conclude that releasing Carr would not be consistent with those factors as announced at his sentencing or with the applicable policy statements issued by the Sentencing Commission.

III.

For these reasons, it is **ORDERED** that the defendant's motion for reconsideration, ECF No. 257, is DENIED.

ENTER: July 1, 2020

/s/ *JAMES P. JONES*
United States District Judge